UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| TONY LEE SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. CV 03-S-3306-E |
| | ) |
| WARDEN GRANT CULLIVER, | ) |
| et al., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This is a petition for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama.  28 U.S.C. § 2254.  The petitioner, Tony Lee Smith, was convicted on January 15, 1997, in the Calhoun County District Court, on his plea of guilty to driving under the influence of alcohol.[1] Smith was sentenced to 60 days in jail and was committed to jail to serve the 60-day term.[2] On February 18, 1997, the trial judge released Smith from jail and placed him on probation, with the condition that he pay his court costs and fine at the rate of $125.00 a month, beginning April 10, 1997.  On April 30, 1997, an alias warrant was issued for Smith, based upon his failure to comply with the terms of his probation.

---

[1] This conviction was Smith's third DUI conviction.

[2] Additionally, Smith was ordered to pay a $2,125.00 fine and $103.00 in court costs.

On December 5, 1997, Smith was arrested and ordered to serve 153 days in lieu of payment of his fine and court costs, with jail credit for already having served 63 days. Smith escaped on February 18, 1998.[3]

Smith did not appeal the DUI conviction or sentence, or the revocation of his probation. He filed unsuccessful Rule 32 petitions in the Calhoun County District Court on October 5, 2000, and in June, 2001.

On December 15, 2003, Smith filed a petition for a writ of habeas corpus in this court, challenging the revocation of his probation. In response to the court's order to show cause, the respondents have filed an answer in which they assert that the petition is due to be dismissed because it is barred by the one-year statute of limitations enacted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The parties were advised that the respondents' answer would be treated as a motion for summary dismissal pursuant to Rule 8(a) of the Rules Governing Section 2254 Cases. The petitioner has not replied to the motion for summary judgment.[4]

---

[3] Smith was subsequently convicted of second degree escape and third degree escape.

[4] On March 26, 2004, the petitioner filed a "Motion for Status of Proceedings," indicating that his address had changed to B-Dorm Jail Annex, 5600 Nehi Road, Panama City, Florida, 32404, and that he had not received a copy of the respondents' answer, so he could not reply to it.
    By order entered April 9, 2004, the respondents were required to mail a copy of their answer to the petitioner at the Panama City, Florida address. On April 26, 2004, Smith notified the court that his address had changed again, to 288 Bynum Cutoff Road, Eastaboga, Alabama, 36260. On April 28, 2004, the respondents filed a "Notice of Return Service on Copy of Petition," in which they informed the court that the copy of the answer they had mailed to the petitioner at the Panama City, Florida address had been returned to them, marked "not deliverable as addressed, unable to

The AEDPA, effective April 24, 1996, amended 28 U.S.C. § 2244 to read in part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

forward."

By order entered February 23, 2005, the court noted that the petitioner still had not received a copy of the respondents' answer in this case, so he had not had the opportunity to respond to it. The Clerk was directed to mail the petitioner a copy of the respondents' answer at his Eastaboga, Alabama address, and the petitioner was ordered to submit a response to the respondents' answer.

On February 28, 2005, the answer mailed to the petitioner on February 23, 2005, was returned to the court, marked "Return to Sender - No Receptacle." However, the court noticed that instead of being mailed to "288 Bynum Cutoff Road," the answer had been mailed to "88 Bynum Cutoff Road." Because the answer had again been mailed to the wrong address and not received by the petitioner, the answer was mailed to the petitioner at "288 Bynum Cutoff Road" on March 9, 2005. To date, that mailing has not been returned to the court and the petitioner has not filed a response to the respondents' motion for summary judgment.

> (D) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The revocation of Smith's probation became final on January 16, 1998, when the 42 days in which he could have appealed the revocation of his probation expired. Thus, the one-year period he had to attack the conviction and sentence began to run on that date, and expired on January 15, 1999. He did not file this petition until December 15, 2003. Thus, the petition is barred by the statute of limitations.

Title 28 U.S.C. § 2244(d)(2) does not help the petitioner. That section provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Although Smith did successfully file two Rule 32 petitions in state court, those petitions were not filed until October 30, 2000, and June, 2001, both after the one-year limitations period expired on January 15, 1999. The fact that Smith successfully filed Rule 32 petitions after the expiration of the one-year period for filing in federal court did not start the running of the limitations periods anew:

> Section 2244(d)(2) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year state of limitations by bringing a belated state collateral attack. See, e.g., *Hamilton v. Miller*, No. 98 CV 5669, 1999 WL 438472 at *3 (E.D.N.Y. May 18, 1999); *DeVeaux v. Schriver*, slip op. at 8; *Varsos v. Portuondo*, slip op. at 4; *Smith v. McGinnis*, No. CV 98-1034, 1999 WL 312121 at *3-4 (E.D.N.Y. March 17, 1999); *Cromwell v. Keane*, 33 F. Supp. 2d 282, 285 (S.D.N.Y. 1999) (Rakoff, D.J. & Peck, M.J.).
>
> Rather, § 2244(d)(2) merely excludes the time a collateral attack is under submission from the calculation of the one-year statute of limitations. *See, e.g., Flanagan v. Johnson,* 154 F.3d 196, 199 n. 1 (5th Cir.1998) ( "Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one year period of limitation."); *DeVeaux v. Schriver*, slip op. at 8; *Broom v. Garvin*, 99 Civ. 1083, 1999 WL 246753 at *1 (S.D.N.Y. April 26, 1999) ("[T]he filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period."); *Hamilton v. Miller*, 1999 WL 438472 at *3; *Smith v. McGinnis*, 1999 WL 312121 at *3-4; *Varsos v. Portuondo*, slip op. at 4-5; *Brooks v. Artuz*, 98 Civ. 4449, 1999 WL 138926 at *2 (S.D.N.Y. March 15, 1999) ("The tolling provision [in 28 U.S.C. 2244(d)(2) ] does not . . . 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.") (*quoting Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y.1998)); *Cowart v. Goord*, 97 Civ. 3864, 1998 WL 65985 at *2 (S.D.N.Y. Feb. 18, 1998) (Sotomayor, D.J.) ("the filing of a proper state collateral petition does serve to toll (but not start anew) the AEDPA statute of limitations"); *Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (petitioner's statute of limitations period was suspended only during the period state collateral motions were pending, and began to run again, but not anew, when the state collateral motions were decided).

*Torres v. Miller*, No. 99 Civ. 0580 MBM, 1999 WL 714349, at *3-4 (S.D.N.Y.

August 27, 1999). *See also Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir.

5

2004)("A state court filing after the federal habeas filing deadline does not revive it."); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired.  In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)("A state-court petition like [the petitioner's] that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Villegas v. Johnson*, 184 F.3d 467, 472 (5th Cir. 1999)(tolling lasts "only as long as the state court takes to resolve the pending application because any lapse of time before a state application is properly filed will be counted against the one-year limitation period"); *Rashid v. Kuhlmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)("Once the limitations period is expired, collateral petitions can no longer serve to avoid the statute of limitations.").  The petition is due to be dismissed because it is barred by the statute of limitations.

An appropriate order will be entered.

DONE this 4th day of April, 2005.

_____
United States District Judge